# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR GUTIERREZ-JARAMILLO, | Case No. CV 19-5126-JEM |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| v. | |
| C. SWAIN, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Julio Cesar Gutierrez-Jaramillo ("Petitioner"), a prisoner in federal custody proceeding pro se, brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] ("Petition" or "Pet.") raising two claims: (1) the Bureau of Prisons ("BOP") did not award him credit for time served in a Peruvian prison before his extradition to the United States in 2009 (see Pet. at 2-3), and (2) his extradition "may have been illegal" pursuant to a treaty between the United States and Colombia (Pet. at 9).

---

[1] Petitioner identified his petition as a motion for writ of mandamus; the Court construed it as a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (See Dkt. No. 6.)

On September 16, 2019, Respondent filed a motion to dismiss ("Motion"), which asserts that each of Petitioner's claims have been raised and rejected in a prior Section 2241 petition. Petitioner filed an opposition. Respondent did not file a reply. The matter is ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.

For the reasons set forth below, the Court finds that the Motion should be granted and this action dismissed with prejudice.

I.    **PROCEDURAL HISTORY**

   A.    **The Underlying Conviction**

On February 24, 1993, Petitioner was charged by superseding indictment in the Southern District of Texas with conspiring to import, and aiding and abetting in the importation of, more than five kilograms of cocaine. (Gov't Ex. 1 at USAO 002-004.)[2] Petitioner was arrested on the charges in that district on December 24, 2009, after his extradition from Peru. Petitioner pled guilty, and the district court sentenced him to 210 months of imprisonment, followed by five years of supervised release, and ordered him to pay a $100 special assessment and a $5000 fine. (Gov't Ex. 2.)

On direct appeal Petitioner argued, among other things, that at sentencing the district court failed to give him credit for his time spent in Peruvian prison and that his trial counsel was ineffective for failing to present documentation that would have supported his claim for credit. (See Gov't Ex. 3.) The Fifth Circuit Court of Appeals affirmed the sentence. The court rejected Petitioner's legal arguments under the United States Sentencing Guidelines that he was entitled to a credit and also observed that "the district court did grant a downward departure of 82 months below the guidelines range . . . based, in part, on [Petitioner's] arguments regarding his Peruvian sentence." (Id. at USAO 015.) The court

---

[2] Records bearing on the issues raise dare attached to the Declaration of Maria Jhai, submitted in support of the Motion.

declined to reach the ineffective assistance of counsel claim, without prejudice to Petitioner's right to raise it in a motion under 28 U.S.C. § 2255. (Id. at USAO 017.)

### B. Post-Conviction Motions Filed in the Southern District of Texas

On April 4, 2013, Petitioner filed a motion under Section 2255 on the grounds that his trial counsel was constitutionally ineffective. (See Gov't Ex. 4 at Dkt. No. 493.) Specifically, Petitioner alleged that he "was not credited for the time spent in Peruvian prisons because counsel did not submit requisite proofs." (See Gov't Ex. 5 at USAO 040.) In a report and recommendation, the magistrate judge recommended dismissal with prejudice. The magistrate judge observed that Petitioner's "prior imprisonment in Peru, and his request for credit on the sentence to be imposed in this case for that time he spent incarcerated in Peru," was "a central issue raised by counsel at sentencing." (Gov't Ex. 5 at USAO 041.) The magistrate judge found that documents Petitioner contended that his counsel should have submitted to the sentencing court "to secure him a further departure and/or credit on his sentence for the time he spent in Peruvian prisons" concerned largely information that was uncontested or brought to the court's attention by other means, and held that "even if the documents contained some additional information that was relevant to the sentencing proceeding, the record shows that [Petitioner] received a downward departure that was commensurate with the additional time he claims to have been unfairly incarcerated in Peru." (Id. at USAO 046-49 (emphasis in original).) The district court adopted the magistrate judge's findings and recommendations "in their entirety," dismissed the petition with prejudice, and denied a certificate of appealability. (See Gov't Ex. 6.) Petitioner did not appeal. (See Gov't Ex. 4 at Dkt. No. 510.)

Petitioner filed additional motions challenging his sentence, including a motion for retroactive application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582, (see Gov't Ex. 4 at Dkt. Nos. 517, 518, 520, 521), a motion to correct "clerical error" in the presentence report (id. at Dkt. No. 530), a motion for sentence relief under the Federal Prison Bureau Non-Violent Offender Relief Act of 2003, (id. at Dkt. No. 536), and a "motion for plain error" objecting to sentencing enhancements based on use of an aircraft and

Petitioner's supervisory role in the conspiracy, (id. at Dkt. No. 537). All of these motions were denied on October 18, 2019. On April 7, 2019, Petitioner filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c), which is pending.[3]

### C. Post-Conviction Motions Filed in Other Districts

Before filing the instant Petition, Petitioner filed two other petitions pursuant to 28 U.S.C. § 2241, one in the Middle District of Pennsylvania and one in the Northern District of West Virginia.

Petitioner filed the petition in the Middle District of Pennsylvania on September 21, 2015, alleging that "he is in custody in violation of the extradition treaty between the United States and Republic of Colombia contrary to the provisions of 18 U.S.C. § 3184." (Gov't Ex. 7 at USAO 054.) The district court dismissed the petition in a memorandum order dated October 13, 2017. (Gov't Ex. 8.) The court found that it lacked jurisdiction to review the Peruvian government's decision to extradite Petitioner. Pursuant to the act of state doctrine, the court observed that "American courts are precluded from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." (Id. at USAO 064 (internal quotations and citations omitted).) As applied to Petitioner's claim, the court concluded, "[t]he Peruvian government ultimately authorized and consented to [Petitioner's] extradition to the United States. Whether the extradition was lawful is not a question for this Court, but should instead be directed to Peru." (Id. at USAO 067.) Petitioner did not appeal.

In the Northern District of West Virginia, Petitioner filed his petition on November 17, 2016, alleging that the BOP failed to award him credit for time served in Peruvian prison prior to his extradition to the United States. (Gov't Ex. 9.)[4] Specifically, Petitioner alleged

---

[3] The Court has reviewed the public docket for the underlying criminal case.

[4] Petitioner had exhausted his administrative remedies regarding his sentence credit claim prior to filing the Section 2241 petition in the Northern District of West Virginia. (See Gov't Ex. 10 at USAO 090.) He has not sought administrative relief from the BOP regarding his sentence computation since filing that petition. (See Ben-Shmuel Decl.; see also Pet. Ex. X.) Petitioner here seeks the same 87-month sentence credit on the same grounds raised in the Northern District of

4

that he was paroled by Peruvian authorities on October 2, 2002, but pursuant to a request from the United States Embassy that he be detained pending extradition, he was held in custody "solely at the behest of the United States" until December 23, 2009. (Id. at USAO 073.) Petitioner sought credit for his time in Peruvian prison fro October 2, 2002, to December 23, 2009, under 18 U.S.C. § 3585(b).[5]

      The district court dismissed the petition. In a report and recommendation, the magistrate judge recommended dismissal on the grounds that Petitioner remained in the primary jurisdiction of the Peruvian authorities until his release in December 2009, and that the time he spent detained in Peru was credited against his 15-year Peruvian sentence. (See Gov't Ex. 10 at USAO 095-96.) If the time spent in Peruvian custody were to "also be applied against his federal sentence as prior custody credit," the magistrate judge concluded, "it would amount to double credit in violation of 18 U.S.C. § 3585(b)." (Id. at USAO 096 (citing United States v. Wilson, 503 U.S. 329, 337 (1992).)

      The district court "adopted and affirmed" the report and recommendation of the magistrate judge and dismissed the petition with prejudice. (See Gov't Ex. 11 at USAO 099.) In his objections to the report, Petitioner had argued that his Peruvian sentence ended when the Peruvian court granted his partial release on October 4, 2002,[6] and that time served after that date was served pursuant to the United States' request that he be detained pending extradition. (See id. at USAO 106.) The district court overruled the

---

West Virginia. To the extent that Petitioner argues that this Petition raises new or different grounds for relief, a claim based on those grounds would be subject to dismissal for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a); see also Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

[5] Section 3585(b) provides that "[a] defendant shall be given credit . . . for any time spent in official detention prior to the date the sentence commences . . . (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

[6] Petitioner cited two different dates for this event in his briefing. In his petition, he argued that he was first paroled on October 2, 2002, but in his reply brief and objections to the report and recommendation he argued that he was first paroled on October 4, 2002. (See Gov't Ex. 13; Gov't Ex. 13.)

5

objections, noting that "the October 4, 2002 partial release order was reversed by a higher court on April 7, 2004. Accordingly, [Petitioner's] Peruvian sentence did not end on October 4, 2002 and he remained in Peru's primary custody until the partial release order was entered on December 22, 2009." (Id.) The court concluded that, "[b]ecause all of the time he spent in Peruvian custody from October 4, 2002 through December 22, 2009 was in service of his Peruvian sentence, [Petitioner] may not receive credit for time served against his federal sentence." (Id.)

On appeal, the Fourth Circuit affirmed "for the reasons stated by the district court." (Gov't Ex. 14.) The Supreme Court denied certiorari. (Gov't Ex. 15 at Dkt. No. 34.)

### III. DISCUSSION

The Petition should be dismissed as an abuse of the writ and pursuant to 18 U.S.C. § 2244(a). Petitioner has sought the same relief on the same grounds in prior Section 2241 petitions, and he has not made any showing to justify the reconsideration of the same claims by this Court.

"The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). "Under the abuse of the writ doctrine, a successive petition that raises the identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Id. (citing McCleskey v. Zant, 499 U.S. 467, 494-95 (1991)).

Likewise, 18 U.S.C. § 2244(a) precludes reconsideration of claims decided in a prior collateral attack. The statute provides that a habeas petition may be dismissed "if it appears that the legality of [the petitioner's] detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 18 U.S.C. § 2244(a); see also Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[Section] 2244(a) prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review.'" (quoting Valona

v. United States, 138 F.3d 693, 694 (7th Cir. 1998)); accord Poyer v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); see also Torres-Hurtado v. Zuniga, 707 F. App'x 913, 913 (9th Cir. 2017) (second Section 2241 petition challenging BOP calculation of sentence was "barred by 28 U.S.C. § 2244 (a) and the abuse of the writ doctrine").

Here, Petitioner brings the same claims that were brought and decided in his prior Section 2241 petitions filed in the Northern District of West Virginia and the Middle District of Pennsylvania. In the Northern District of West Virginia, Petitioner alleged, as he does here, that he is entitled to an 87-month sentence credit for his time in Peruvian prison because he was held at the behest of the United States and did not receive credit toward his Peruvian sentence. (Compare Gov't Ex. 9 at USAO 073 ("At all times between October 2, 2002 and December 23, 2009, Petitioner was held solely at the behest of the United States and received no credit for this period of time on any sentence."), with Pet. at 1, 3 ("Petitioner was held from October 2nd 2002 until December 23rd 2009 in a Peruvian prison solely at the forceful request of the United States . . . . Those 87 months that Petitioner was held in detention by Peruvian authorities WERE NOT CREDITED to petitioner's 15 years [sic] sentence in Peru . . . .").) In the Middle District of Pennsylvania, Petitioner alleged as he does here that his extradition violated a treaty between Colombia and the United States because he was extradited for an offense committed before December 1997. (Compare Gov't Ex. 7 at USAO 055 ("[T]he facts of the case occurred before 1997, therefore, based on treaty [sic] . . . extradition was unlawful"), with Pet. at 9 ("Petitioner's crime was committed in late 1991, early 1992, therefore said crime was ineligible for extradition.").) Both claims were considered and rejected by the courts that heard them.

Petitioner has not made any showing to justify bringing the same claims in this Court. See Alaimalo, 645 F.3d at 1049 (requiring showing of "cause and prejudice" or that "a fundamental miscarriage of justice" would result from failure to hear the claim). To establish "cause" in the context of a successive claim, "a petitioner must show cause for seeking review of the same claim twice – such as the discovery of new facts, or an intervening change in the law, that warrants reexamination of the same ground for relief

7

raised in an earlier petition." Campbell v. Blodgett, 997 F.2d 512, 524 (9th Cir. 1992). Petitioner identifies no new facts, change in law, or other circumstances to support reexamination of the same claims that already have been decided by other courts. To establish that a "fundamental miscarriage of justice" would result from failure to hear his claims, Petitioner would have to "assert[] his innocence and establish[] that the court cannot have confidence in the contrary finding of guilt." Johnson v. Knowles, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis omitted). Petitioner does not assert his innocence or establish that the Court cannot have confidence that he committed the offenses to which he pled guilty. See id. at 938 ("A petitioner who asserts only procedural violations without claiming actual innocence fails to meet this standard.").

Because Petitioner's claims have been raised and decided in prior collateral attacks, and he has not shown cause and prejudice or that a fundamental miscarriage would result from failure to reconsider them here, the Petition must be denied as an abuse of the writ and as a successive petition barred by Section 2244(a).

## **ORDER**

IT IS HEREBY ORDERED: (1) the Motion to Dismiss is granted; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: April 9, 2020             */s/ John E. McDermott*
                                                  JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE